***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes with modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as:
 STIPULATIONS
1. The Parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employee/employer relationship existed between Plaintiff and Defendant/Employer on June 6, 2003.
3. Allied Claims Administration, Inc. was the third party administrator for Defendant/Employer.
4. Plaintiff's average weekly wage was $345.60.
5. On or about June 6, 2003, Plaintiff sustained an accident when he was picking up a box of crutches. Defendants have denied that he sustained any injury or disability from this accident.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On June 6, 2003, the Plaintiff was employed by the Defendant-Employer in the supply room and mailroom. On June 6, 2003, the Plaintiff alleged an injury to his back when he was picking up a box of crutches.
2. Prior to June 6, 2003, the Plaintiff had a long-standing history of back problems. He had also sustained a back injury on August 28, 2000 while employed by Eckerd's. (I.C. File No. 070395).
3. Following the August 28, 2000 work injury at Eckerd's, the Plaintiff was treated by Dr. Michael J. Meighen at Northeast Orthopedics. The Plaintiff initially saw Dr. Meighen on September 26, 2000. The Plaintiff reported a 10-year history of low back pain symptoms which would keep him out of work on occasion. During the course of the Plaintiff's treatment with Dr. Meighen, he would have periodic flare-ups of his back pain which would keep him out of work on occasion. Dr. Meighen performed three epidural steroid injections at L5-S1, the final one on January 22, 2003.
4. Following the work accident at Northeast Orthopedics on June 6, 2003, the Plaintiff began treatment with Dr. Steven St. Clair. The Plaintiff was treated by Dr. St. Clair on June 6, 2003, June 10, 2003 and June 23, 2003. Plaintiff asserts that this is a new injury because now his pain radiates down below his knee and into his left foot.
5. The Plaintiff did not receive any further medical treatment for his back for eight months, until he returned to see Dr. St. Clair on February 17, 2004. The Plaintiff's last medical visit with Dr. St. Clair was on March 2, 2004.
6. The Plaintiff has had further treatment for his back with Dr. Meighan on June 25, 2004; Dr. Mark Redding on April 14, 2004; and Dr. Tara L. Chronister and other doctors with Pain Center Management at Northeast Medical Center.
7. Plaintiff continued to work for the Defendant-Employer through May 7, 2004. Plaintiff left the Defendant-Employer because the pain he experienced in his back prohibited him from performing his job duties.
8. In November 2004, the Plaintiff began employment as a Baptist minister earning more than his average weekly wage from the Defendant/Employer.
9. The June 6, 2003 work injury caused a temporary exacerbation of the Plaintiff's underlying chronic back condition which resolved by the end of June 2003.
10. Any ongoing problems, including any disability or medical treatment, after the end of June 2003 are the result of the Plaintiff's chronic back condition.
11. Dr. St. Clair and Dr. Michael Meighen gave deposition testimony in this claim. Both doctors opine that Plaintiff's ongoing back problems were the result of his chronic back condition.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSION OF LAW
1. The Full Commission's careful review of the expert medical testimony reveals that there is insufficient evidence to show that the Plaintiff experienced an injury by accident on June 6, 2003 or that on said date he significantly or materially aggravated a pre-existing injury. The medical evidence reveals that the Plaintiff's ongoing back problems and corresponding medical treatment are not the result of the work related accident, but instead are the result of a prior back injury and/or chronic back pain. Therefore, the Plaintiff has failed to prove that he sustained a compensable injury on June 6, 2003. N.C. Gen. Stat. § 97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 AWARD
1. No further benefits are owed to the Plaintiff for the June 6, 2003 work injury.
2. Each side shall pay its own costs.
3. The Defendants shall pay for the expert opinions given in this matter, if not already paid pursuant to prior orders in this case.
This 14th day of December 2006.
S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ THOMAS J. BOLCH COMMISSIONER